## RELEASE AND SETTLEMENT AGREEMENT

This Confidential Release and Settlement Agreement ("Agreement") is entered into between Cathleen Carpenter, NLCI Property Management, LLC, and Roger Nair on this _____ day of March, 2018.

## I.       PARTIES

A.       Cathleen Carpenter, on her own behalf and on behalf of her past, present, and future

heirs, executors and administrators, assignees, transferees, representatives and agents (hereinafter collectively referred to as "Carpenter").

B.       NLCI Property Management, LLC on behalf of itself and all its past, present, and future subsidiaries, parents, predecessors, successors, executives, administrators, divisions, transferees, assigns, officers, directors, investors, shareholders, board members, employees, principals, members, managers, agents, insurers, reinsurers, and any trustees, executors, administrators and fiduciaries of any employee benefit plan (hereinafter collectively referred to as "NLCI").

C.       Roger Nair, on his own behalf and on behalf of his past, present, and future

heirs, executors and administrators, assignees, transferees, representatives and agents (hereinafter collectively referred to as "Nair").

D.       Nair and NLCI are collectively referred to as Defendants.

C.       Carpenter and Defendants are sometimes referred to collectively as "Parties.

## II.      RECITALS

A.       WHEREAS, Carpenter filed a lawsuit captioned *Cathleen Carpenter v. NLCI Property Management, LLC et al.*, Northern District of Ohio Case No. 1:17CV2052 (the "Lawsuit"); and

B.       WHEREAS, Defendants denied and continue to deny each and every, all and singular, the allegations made in the Lawsuit; and

C.       WHEREAS, disputes and controversies exist between the Parties with respect to the facts and circumstances, liability, and the amount of damages relating to the allegations made by Carpenter in the Lawsuit; and

D.       WHEREAS, pursuant to the agreement reached and entered into, the Parties desire to resolve the Lawsuit by way of compromise and settlement; and

NOW, THEREFORE, in consideration of the promises and other good and valuable consideration recited herein, the Parties hereby promise, agree and covenant as follows:

## III.    SETTLEMENT AGREEMENT

### A.       Release and Discharge

1.       In exchange for the payment of $7,500.00 in three drafts as follows 1) in the gross amount of $2,001.00 for economic damages made payable to Cathleen Carpenter with required or authorized deductions and applicable taxes withheld, (2) in the gross amount of $2,001.00 payable to Cathleen Carpenter for alleged liquidated damages, and (3) in the gross amount of $3,498.00 for attorneys' fees and costs payable to the Spitz Law Firm, Carpenter voluntarily releases and discharges Defendants from any and all federal and/or state wage-and-hour claims, rights, demands, liabilities, and causes of action of every nature and description, including but not limited to unpaid wages, unpaid overtime compensation, liquidated damages, interest, attorneys' fees and expenses, whether known or unknown, pursuant to the FLSA, 29 U.S.C. 201 *et seq*. and the Ohio Wage Act, R.C. 4111.01 *et seq*.  In addition, Carpenter  voluntarily releases and discharges Defendants for any and all claims, rights, demands, liabilities, and causes of action of every nature and description, relating to any claim for breach of contract and unjust

Page **2** of **8**

enrichment against Defendants, whether known or unknown, including but not limited to any claim for unpaid wages, hours, commissions, or expenses. It is expressly understood and agreed that Carpenter is not releasing any claims she has asserted in separate litigation currently pending in the Medina County Court of Common Pleas, *Cathleen Carpenter v. NLCI Property Management, LLC et al,* Case No. 17-CIV-0981

2.      In January 2019, an IRS Form W-2 will be furnished to Carpenter for the wage payment, and one IRS Form 1099 shall be provided to Carpenter and one to the Spitz Law Firm for the liquidated damages and attorneys' fees and costs payment in accordance with IRS regulations.

3.      Carpenter understands and agrees this settlement is a compromise of disputed claims, and neither the offer settlement nor the payment is to be construed as an admission of liability on the part of Defendants.

**B.      Saving Clause**

Nothing in the foregoing Sections shall be construed to affect any of the Parties' right to enforce the terms of this Agreement.

**C.      Carpenter's Liability for Taxes and Indemnity**

Carpenter expressly assumes all responsibility and liability for payment of any taxes which may be deemed due and owing to any taxing authority for her share of the settlement and expressly agrees to indemnify and hold harmless Defendants for any claim by any taxing authority as to these amounts in this Agreement.

**1.      <u>Medicare Information</u>**

Pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007, The Center for Medicare and Medicaid Services must be provided Carpenter's full address,

Social Security Number, date of birth, gender, and, if available, her Medicare Health Insurance Claim Number (HICN.)  Provision of this information is a condition of this settlement.  Spaces are provided at the end of this Release for compliance.

### 2.  Liens – Indemnity and Hold Harmless

Carpenter further covenants and agrees any and all Medicare, Social Security, hospital, medical insurance coverage subrogation claims and/or any and all other type of liens or interest that is and/or could be claimed by any person and/or entity, will be fully paid, satisfied and released from the settlement proceeds paid herein, in trust, unless and until such time as said liens and/or claims have been fully paid, satisfied or released.

In this regard, Carpenter agrees to indemnify and hold harmless the Defendants, its insurance carriers, its attorneys and all others in privity with them, from any claim by, through and/or under Carpenter including, but not limited to, any direct claim by Medicare and/or Social Security for reimbursement of any funds paid by them relating to Carpenter's claims.

### 3.  Medicare Set Aside

It is further expressly understood and agreed, to the extent applicable, Carpenter promises to set aside funds necessary in an approved Medicare Set Aside Account, to pay for any anticipated future medical and/or health care needs of Carpenter, for any injury and/or condition that requires treatment that arises from Carpenter's claims against Defendants.  In the alternative, Carpenter covenants she does not presently anticipate she will require medical and/or health care treatment for the injuries and/or conditions related and/or arising from her claims against Defendants.  Further, should funds not be placed in an approved Medicare Set Aside Account for Carpenter, and care and treatment for injuries and/or conditions reasonably related her claims is subsequently sought, then Carpenter covenants and represents to Defendants, its insurance

carriers, its attorney and others in privity with them, she will not submit nor seek payment for said medical care from Medicare and/or any other government funded program.  This covenant and representation shall be included as part of the indemnification obligations of Carpenter stated herein.

**D.     Applicable Law, Jurisdiction and Venue**

This Agreement shall be deemed to be made and entered into in the State of Ohio, and shall in all respects be interpreted, enforced and governed under the internal laws of Ohio, without giving effect to choice of law principles. To that extent, the Parties hereby agree to consent to exclusive personal jurisdiction and venue of the State and Federal courts situated within or for Ohio for purposes of enforcing this Agreement, and waive any objection that they might have to personal jurisdiction or venue in those courts.

**E.     Voluntary and Knowing Assent**

By signing this Agreement, the Parties hereto state that they have read this Agreement, understand it and know that they are giving up important rights and they fully understand and agree with everything in it, are aware of their right to consult an attorney before signing it and have signed it knowingly and voluntarily.   The Parties represent and acknowledge that in executing this Agreement they have not relied upon any representation or statement not set forth herein made by any other Party or by any other Party's agents, representatives or attorneys with regard to the subject matter of this Agreement.

**F.     Warranty of Capacity to Execute Agreement**

Carpenter represents and warrants no other person or entity has, or has had, any interest in the claims, demands, obligations, or causes of action referred to in this Agreement, except as otherwise set forth herein; Carpenter has the sole right and exclusive authority to execute this

Agreement and receive the sums specified in it; and Carpenter has not sold, assigned, transferred, conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Agreement.

**G.      Modification or Amendment**

This Agreement may not be modified or amended except by a writing executed by all Parties hereto.  This Agreement constitutes the entire Agreement between the Parties concerning the subject matter hereof.  With the exception of the representations or inducements set forth herein, no Party has relied on any representation or inducement in connection with its execution of this Agreement.

**H.      No Waiver**

The failure of any Party to exercise its rights under this Agreement or to insist upon strict performance of the terms hereof shall not operate as a waiver or preclude such Party from later exercising its rights hereunder.

**I.      Headings**

The headings in this Agreement are inserted for convenience only and do not control or influence the meaning or interpretation of the terms hereof.

**J.      Severability**

The Parties agree if any portion or provision of this Agreement is declared illegal or unenforceable by a court of competent jurisdiction, then the court may amend such portion or provision so as to comply with the law in a manner consistent with the intention of this Agreement, the remainder of this Agreement, or the application of such illegal or unenforceable portion or provision in circumstances other than those as to which it is so declared illegal or

unenforceable, shall not be affected thereby, and each portion and provision of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

**K.      Entire Agreement/Merger of Agreements**

The Parties agree this document sets forth the entire agreement among them, and there are no other agreements, oral or written, express or implied, relating to any matters covered by this Agreement, or any other agreement in effect and relating to any other matter whatsoever, whether or not within the knowledge or contemplation of either Party at the time of execution of this Agreement.  To the extent that there are any other agreements between the Parties, they are hereby mutually declared null and void.

In testimony hereof, the Parties have caused this Confidential Release and Settlement Agreement to be executed on the date set forth below.

*CAUTION: READ BEFORE SIGNING*

It is understood and agreed that the information provided below will be provided to The Centers for Medicare and Medicaid Services pursuant to The Medicare, Medicaid and SCHIP Extension Act of 2007.

Full Name as it appears on your                      Social Security Number:
Social Security Card:

_____          _____

Address:                                               Date of Birth:

_____          _____

Medicare Health Insurance Claim                Gender:
Number (HICN):

_____          _____

 (If none, so state)

By: _____          Dated: _____
     CATHLEEN CARPENTER


NLCI PROPERTY MANAGEMENT, LLC          Dated: _____

By: _____

Its: _____

Print Name: _____


_____          Dated: _____
ROGER NAIR